UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA KABRICH, an individual, | No. CV-12-3052-LRS |
| Plaintiff, | ORDER RE: DISCOVERY ISSUES |
| vs. | |
| ALLSTATE PROPERTY and CASUALTY INSURANCE COMPANY d/b/a ALLSTATE NORTHWEST PROPERTY, a foreign corporation licensed to do business in the State of Washington, | |
| Defendant. | |

This matter was referred to the undersigned Magistrate Judge by Order filed January 4, 2013. A hearing was conducted telephonically and without recording. The plaintiff was represented by J. Jay Carroll. Defendant was represented by Rory W. Leid, III. TPI Construction LLC (TPI) was represented by Tyler Hinckley.

Pending before the Court are two motions. Defendant's Motion to Compel Discovery (ECF 15) and TPI Construction's Motion for Protective Order (ECF 24). The motions were noted without oral argument. This matter arose because of a subpoena for records deposition served on TPI Construction on August 10, 2012. The subpoena was issued in the US District Court for the EDWA and commanded TPI to appear and produce documents to Defendant Allstate at Allstate's attorneys

ORDER RE: DISCOVER ISSUES - 1

offices in Seattle in the WDWA and more than 100 miles from the offices of TPI Construction, LLC in Yakima. Alternative to appearing at the attorney's offices, TPI was offered the choice of copying and sending the records to the Allstate attorneys without having to appear. Defendant and TPI do not dispute that the records sought are material and relevant to the underlying dispute.

Claiming that there were many thousands of pages of records and that it would be burdensome to have to produce all of those documents, TPI requested a cost of production advance from Allstate of $2500. Allstate refused payment. The parties filed the pending motions.

In ordering a non-party to produce documents in response to a subpoena in the context of a motion to compel, the Court has a duty to protect a non-party from significant expense. Fed.R.Civ.P. 45(c)(2)(B)(ii). Whether a subpoena subjects a witness to undue burden within the meaning of Rule 45(c)(3)(A)(iv) is a question of reasonableness of the subpoena. FRCP 45(c)(3)(C) empowers the Court, as an alternative to quashing the subpoena, to ensure reasonable compensation when there has been a showing of substantial need for the testimony or materials that cannot otherwise be met without substantial hardship.

Here, TPI Construction says it has located 3,255 pages of materials relevant to the subpoena so far in its search. There are more to be found. Additionally, TPI says it has incurred a bill of $630 from Clifton, Larson and Allen in preparing documents for production. TPI also says it has an estimate for copying the materials from The Bindery of $1740 and, finally, that employees/principals in TPI have spent in excess of 60 hours of time searching for the materials to be produced. Defendant says that the materials could be produced at a cost of 10 cents per page and that the requested $2500 advance is excessive.

ORDER RE: DISCOVER ISSUES - 2

The Court finds that TPI should receive reasonable compensation for its efforts at production but that the amounts now sought are in part due to TPI's disorganization internally in re-locating its offices. The Court ORDERS AS FOLLOWS:

1. Defendant shall pay to TPI within ten business days the amount of $2500 as a cost of producing all of the documents/materials sought by the subpoena. TPI has not demonstrated that the subpoena should be quashed. TPI shall bear its own attorneys fees in this matter.

2. TPI shall produce all of the materials relevant to the subpoena not later than February 15, 2013 by delivering them or mailing them to the offices of Defendant's attorneys. Defendant shall bear its own attorneys fees in this matter.

DATED January 15, 2013.

s/James P. Hutton<br>
JAMES P. HUTTON<br>
UNITED STATES MAGISTRATE JUDGE

ORDER RE: DISCOVER ISSUES - 3