UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA KABRICH, an individual<br>　　　　　Plaintiff,<br>　vs.<br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a ALLSTATE INSURANCE COMPANY d/b/a ALLSTATE NORTHWEST PROPERTY, a foreign corporation licensed to do business in the State of Washington,<br>　　　　　Defendant, | NO. CV-12-3052-LRS<br><br>**ORDER RE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**I. BACKGROUND**

On December 5, 2010, a water pipe burst inside the home of plaintiff Linda Kabrich. ECF No. 68 at 2. Plaintiff submitted an insurance claim to defendant Allstate on December 9, 2010. ECF No. 65 at 1. At an initial meeting with Plaintiff, an adjuster from Allstate explained that coverage for freezing losses may exclude damages caused by owner negligence. ECF No. 72 at 2. Some of Plaintiff's belongings were subsequently taken to a storage facility. It also appears that Plaintiff's policy imposed a one-year limit on her right to file suit. ECF No. 66 Exhibit C at 2. By November 30, 2011, the parties had not come to an agreement concerning the total value of the loss Plaintiff had sustained, and so Plaintiff sent Allstate a letter notifying them that she had retained counsel and would file suit. *Id*.

**ORDER - 1**

On December 2, 2011 Plaintiff filed suit in State Superior Court alleging that Defendant failed to pay Plaintiff for the losses she incurred as a result of water damage, for unfair trade practices pursuant to RCW 48.30.010, claims under WAC 284-30-330, -360, -370, -380, and for additional damages incurred as a result of Defendant's loss mitigation steps included the erection of sealed vapor barriers. ECF No. 2 Exhibit C. This case was removed under diversity jurisdiction on April 13, 2012 by Defendant; Plaintiff is a citizen of the State of Washington, and Defendant is a citizen of the State of Illinois. ECF No. 1. Defendant has filed a motion for partial summary judgment requesting that the court dismiss Plaintiff's Insurance Fair Conduct Act (IFCA) claim and Plaintiff's claim for attorney's fees. (ECF No. 65).

**II. STANDARD**

    **a. Summary Judgment Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th Cir.), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469 (1975). Under Fed. R. Civ. Pro. 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986); *Semegen v. Weidner*, 780 F.2d 727, 732 (9th Cir. 1985). If a genuine dispute over a fact that might affect the outcome of the suit under the governing law exists, then summary judgment is precluded. *Anderson*, 477 U.S. at 248.

In order to survive summary judgment on her IFCA claim Plaintiff must establish a violation of the IFCA regulations by unreasonably denying coverage, unreasonably denying payment of benefits, or possibly violating one of the five WAC rules. To survive summary judgment on her claim for attorney's fees, Plaintiff must establish that Defendant has unreasonably withheld payment of benefits.

**ORDER - 2**

**b. Unreasonable Denial of Coverage**

Plaintiff asserts that Defendant has not accepted coverage for her loss, and that this is equivalent to having denied her coverage. Plaintiff has provided no evidence, however, that Defendant has unreasonably denied her claim for coverage. Defendant asserts that coverage was accepted at the time Plaintiff's claim was submitted. ECF No. 65 at 4. Indeed, Defendant has made numerous payments on Plaintiff's claim. ECF No. 72 at 1. Plaintiff has provided no evidence to indicate coverage was not accepted. At most, Plaintiff has indicated that Defendant reserved its right to deny coverage in accordance with the terms governing Plaintiff's policy at some point in the future. ECF No. 68 at 3. Finally, during oral argument, Defense counsel conceded that coverage exists. Accordingly, the Court cannot find that there has been an unreasonable denial of coverage at this juncture.

**c. Unreasonable Denial of Payment of Benefits**

Plaintiff claims that Defendant has unreasonably denied paying her benefits. ECF No. 68 at 6. As noted above, Defendant has made numerous payments on Plaintiff's claim. EFC No. 72 at 1. Furthermore, Plaintiff has not indicated what payments have not yet been made. Defendant claims that Plaintiff filed suit before Defendant was able to complete an evaluation of Plaintiff's damages, and that to date, Plaintiff still has not yet provided a complete inventory of her damaged items. *Id*. at 2. To the extent coverage is even in dispute, Defendant has acknowledged that coverage is not an issue and exists pending proof of Plaintiff's losses, which proof has been impossible to ascertain.

Plaintiff argues that she has failed to provide a complete inventory because she has been denied access to the location where her items have been stored. ECF No. 2 Exhibit C at 2. Again however, Plaintiff has provided no substantive evidence to support this claim. Defendant states that Allstate has been unable to verify Plaintiff's

**ORDER - 3**

remaining claims based on denial of access to the storage containers and a warehouse purportedly holding Plaintiff's allegedly damaged personal property. Accordingly, based on the present state of the record, the undersigned is unable to rule on the present motion until the close of discovery. However, it cannot be said that Plaintiff has been denied coverage based on the payment of benefits Plaintiff has already received. The court is unable to determine, however, which outstanding benefits claimed have not yet been paid and Plaintiff has not, to date, provided sufficient information to permit the Defendant to reasonably adjust her remaining claim(s).

## III. Conclusion

Based on the present state of the record, the court cannot rule on the merits of Defendant's motion. Defendant has not shown it will suffer any prejudice by deferring a ruling until all relevant facts are before the court.

Accordingly,

**IT IS ORDERED** that Defendant's motion for Partial Summary Judgment, **ECF No. 65**, is **VACATED,** pending the close of discovery, and is subject to re-noting at an appropriate time upon request of the Defendant.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this order.

**DATED** this 30th day of August, 2013.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

**ORDER - 4**