UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA KABRICH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a ALLSTATE INSURANCE COMPANY d/b/a ALLSTATE NORTHWEST PROPERTY, a foreign corporation licensed to do business in the state of Washington,<br><br>Defendant. | No. CV-12-3052-LRS<br><br>**ORDER RE PENDING MOTIONS (ECF 73 AND ECF 75)** |

The history of this litigation is largely set forth in pleadings filed prior hereto. The facts relevant to TPI's Motion For Protective Order (ECF 74) and Defendant Allstate's Motion To Compel Cooperation With CR 34 Inspection And Request For Sanctions (ECF 73) are set forth in shortened form for purposes of this proceeding.

After Plaintiff's home was damaged by water in approximately December 2010 until sometime in the spring of 2012, Allstate allegedly stored Plaintiff's damaged personal property in sealed containers during the intervening time period while her home was being repaired. In the spring of 2012, Plaintiff had the personal property moved to TPI Construction (TPI) which thereafter apparently restored and inventoried the many items belonging to Plaintiff. In the fall of 2012,

**ORDER - 1**

Allstate sought to inspect the personal property at TPI but was refused entry on the date its representatives were to appear. TPI and Allstate blame each other for the stalemate, and the insured, who has not paid the large cleaning and storage bill incurred by her, has taken no position in forcing TPI to permit the inspection other than to indicate she has no objection to Allstate's having access to the property.

TPI, a nonparty, has requested that the court enter a protective order requiring that Allstate arrange to have TPI added as a named insured on any liability insurance provided by Allstate's subcontractor, Alpine Restoration; have Allstate and/or Alpine Restoration agree to defend and hold TPI harmless for any liability claim arising against TPI due to injury or other claims arising from Allstate's inspection activities and agree to reimburse TPI at the rate of $32.06 per hour for any and all work TPI feels is necessary to place inspected personal property back in storage. TPI Construction cites FRCP 26(c)(1) claiming that Allstate's inspection activities may subject TPI to ". . . annoyance, embarrassment, oppression, or undue burden or expense."

It is the Court's understanding that TPI has already been granted up to $2,500 to provide Allstate with copies of business records arising from services provided by TPI to Plaintiff. Placement of the personal property with TPI was not ordered or authorized by Allstate nor has Allstate indicated its willingness to pay TPI for services performed. Any arrangements of TPI dealing with the property, insofar as known, were made by and between Plaintiff and TPI.[1] The need for reasonable inspection of the allegedly damaged goods is, according to Allstate, essential to its ability to adjust the remaining claims of Plaintiff which are quite large.

///

---

[1] It is suggested that TPI has not discussed the arrangements with Ms. Kabrich in any meaningful way. ECF No. 84 at 3, 8.

**ORDER - 2**

Without setting limits on time needed, TPI claims that it will incur $32.06 per hour to restore, seal and place inspected property back in storage. Allstate claims this is an unreasonable sum for re-packing goods that have been inspected. TPI cites no cases in support of its motion other than a general reference to FRCP 26.

In reviewing the submission of the parties, the court notes that an insufficient showing has been made to enter a protective order in the form sought by TPI Construction. When TPI Construction allegedly restored, sorted, cleaned and wrapped Plaintiff's property for storage, it was certainly aware that insurance claims were pending which would require adjustment and inspection of the property for which damage claims were being asserted. Accordingly,

**IT IS ORDERED**:

1. TPI's Motion For Protective Order, **ECF No. 75**, is **DENIED**.

2. Allstate's Motion To Compel Cooperation of CR 34 Inspection, **ECF No. 73**, is herewith **GRANTED**. The inspection and review shall go forward within thirty (30) days hereof at a time agreed to by the parties (or set by the court if no agreement is possible). Allstate may bring up to two (2) adjusters (or other representatives of its choice) with photographic and audio capability along with counsel to the inspection if it chooses. Photography and inspection activities shall focus primarily on Plaintiff's personal property but Allstate shall be permitted to photograph within the premises excluding where possible any photos which would identify property of others. TPI shall provide an employee having knowledge of Plaintiff's property present to identify Plaintiff's property, and may, at its expense, if it chooses, have an additional employee or representative and counsel present during the time the inspection goes forward. Allstate's representatives shall offer to assist TPI employees (or representatives) in placing opened goods in a safe and secure manner immediately after the inspection is completed. The inspection time shall not exceed six (6) hours in length (exclusive of re-packing time) absent a

**ORDER - 3**

further court order. TPI shall not hinder or obstruct the inspection with its activities on the day the inspection goes forward.

    3. Allstate's request for sanctions and TPI's request for reimbursement in advance of reasonable out-of-pocket re-packing costs are denied, without prejudice. Allstate shall, insofar as reasonably possible, minimize disruption and necessary re-packing work while inspecting property of plaintiff in TPI's possession and/or control.

    4. Allstate's request for a continuation of the discovery deadline and the adjustment of all other relevant deadlines is granted.

    5. A telephonic status conference shall be set for September 25, 2013, at 9:00 a.m. The parties shall call the Court's public conference line at 877-336-1828; Access Code: 3470056; Security Code: 3052 at the time scheduled for the conference. Counsel shall be prepared to discuss a new trial date.

    **DATED** this   20th   day of September, 2013.

                                 *s/Lonny R. Suko*

                                LONNY R. SUKO
                           United States District Judge

**ORDER - 4**